IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBRA J. WOODEN,

        Plaintiff,

v.

MICHAELS ENERGY, INC.,

        Defendant.

ORDER

15-cv-567-wmc

---

On July 1, 2016, defendant filed a motion to compel discovery (dkt. 13), complaining that plaintiff had not yet provided any responses to defendant's February 15, 2016 interrogatories and requests for production of documents. Defendant proffered that it had started prodding plaintiff for this overdue discovery on April 5, 2016; plaintiff, by counsel, promised several times to provide it, but did not keep her promises. Then plaintiff failed timely to provide authorizations for defendant to review the treatment records generated by the three health care providers that plaintiff had disclosed as her expert witnesses. Defendant argues that plaintiff's conduct has prejudiced its ability to investigate and defend this case, including compromising defendant's ability to file a summary judgment motion by the August 1, 2016 deadline. *See* Cabush Aff., dkt. 14.

Plaintiff's response was due July 8, 2016; on July 12, 2016, she filed a terse response (dkt. 15) admitting some of defendant's allegations, ignoring others, and providing her lawyer's statement (dkt. 16) explaining that counsel's recent professional and personal challenges had prevented her from meeting her discovery obligations in this lawsuit. On July 18, defendant filed a reply (dkt. 17) expressing sympathy for counsel's situation, but reporting that plaintiff's had further sabotaged defendant's discovery by failing to appear for her July 14, 2016 independent psychological examination, which cost defendant a no-show fee of $2,145.

Plaintiff's neglect of her own lawsuit is inexcusable. Even so, the court is not going to dismiss this case as a discovery sanction at this time. The court warns plaintiff that her case now hangs by a thread as a result of her persistent failure to meet her discovery obligations.

ORDER

It is ORDERED that:

(1) Defendant's motion to compel discovery is GRANTED IN PART and DENIED IN PART.

(2) Not later than noon on July 22, 2016, plaintiff must provide valid authorizations that allow defendant to obtain the medical and psychological records requested by defendant.

(3) Not later than August 1, 2016, plaintiff must provide all discovery responsive to defendant's pending discovery requests, without exception and without objection.

(4) Not later than August 2, 2016, plaintiff's attorney must file with the court her certification that plaintiff has met her discovery obligations as set forth in the preceding two paragraphs.

(5) Plaintiff must present herself for an independent psychological examination at the earliest possible date but not later than August 5, 2016.

(6) Not later than August 17, 2016, plaintiff and her attorney are jointly and severally liable to pay $2,145 to defendant's law firm to cover the cost of the July 14, 2016 independent psychological examination that plaintiff did not attend.

(7) Defendant's deadline to disclose expert witnesses is extended to 14 days after completion of plaintiff's independent psychological examination.

(8) Defendant's deadline to file a summary judgment motion is extended to 14 days after its timely disclosure of its expert reports. (Plaintiff's deadline is unchanged.)

(10) Additional changes to the schedule are possible upon request and as justice requires.

(11) If plaintiff fails to comply with any of Paragraphs (2) through (6) of this order, then on defendant's request the court will hold a hearing for plaintiff to show cause why her case should not be dismissed with prejudice.

Entered this 18th day of July, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge