IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBRA J. WOODEN,                                                    ORDER

                Plaintiff,                        15-cv-567-wmc

    v.

MICHAELS ENERGY, INC.,

                Defendant.

---

A default hearing for plaintiff to show cause why her case should not be dismissed was held yesterday in the above-captioned matter. Plaintiff appeared by telephone and by her attorney Janet Heins, who was present in person; defendant appeared by attorney Thomas Cabush. At this time, the court will not dismiss the case, but plaintiff and her counsel are down to their last, unexplained delay.

The hearing itself was prompted by plaintiff's persistent failure to respond to defendant's discovery requests timely, as well as repeated failures to comply with the court's orders in this case. Specifically, defendant filed a motion to compel discovery on July 1, 2016, seeking responses to its interrogatories and requests for production from February 15, 2016. Plaintiff failed to provide any responses, despite defendant following up on its discovery requests with plaintiff's counsel beginning on April 5, 2016, *and* despite plaintiff's counsel's multiple promises to respond. Plaintiff also failed to provide authorizations for defendant to obtain records from her health care providers, preventing defendant from being able to file a motion for summary judgment by the original deadline established by the court.

Making matters worse, plaintiff's counsel's response to the motion to compel itself was not only four days late, it was also inadequate. *See* Magistrate Judge Crocker's Order

(dkt. #20) at 1. This was compounded further by plaintiff failing to appear for her independent psychological examination, scheduled July 14, 2016, which caused defendant to incur an out-of-pocket, no-show fee from its expert in the amount of $2,145.

On July 18, Magistrate Judge Crocker ordered plaintiff's counsel to respond fully to defendant's discovery requests, file a certification with the court that she had complied with those obligations, and present plaintiff for an independent psychological examination. (*Id*. at 2.) The court also held plaintiff and her counsel, Ms. Heins, jointly and severally liable for the no show fee and ordered that it be paid on or before August 17, 2016. (*Id*.) Finally, Judge Crocker also warned plaintiff "that her case now hangs by a thread as a result of her persistent failure to meet her discovery obligations." (*Id*. at 1.)

Despite this unambiguous admonishment, defendant recently notified the court that neither plaintiff nor plaintiff's counsel had paid the no-show fee within the established deadline. This prompted the court to issue its August 25th order scheduling the show cause hearing. In advance of the hearing, defendant's counsel notified the court that it received a check from plaintiff's counsel in the full amount of the no show fee on August 29, 2016, twelve days past its original due date.

As the court noted in greater detail during the hearing, this is hardly Attorney Heins' first failure to appreciate the importance of meeting this court's deadlines. *See Marshall v. Precision Pipeline LLC*, No. 13-cv-443-wmc, 2015 WL 224689, at *23 (W.D. Wis. Jan. 15, 2015) (sanctioning Ms. Heins $250 after crediting her representation that personal issues prevented timely discovery responses, albeit only in part, and being "persuaded that the financial sanction, coupled with this public admonishment [would be] sufficient incentive for Heins to do better as an officer of the court in the future"); *Bluestein v. Cent. Wis.*

*Anesthesiology, S.C.*, 296 F.R.D. 597, 601 (W.D. Wis. 2013) (imposing less severe sanctions than dismissal despite a finding that Ms. Heins and her client "ignored completely at least two deadlines for producing discovery, defied one court order and . . . delayed and [provided an] incomplete response to the magistrate judge's [previous] order").

Inexplicably, given this history, Ms. Heins appeared before the court yesterday under the misimpression that the only reason the court was considering dismissal of her case was that she had failed to pay her latest sanction timely, which she also explained *for the first time* at the hearing, had not been paid timely because neither her client nor she had the money to do so. There is much wrong with Ms. Heins' posturing. Leaving aside that it was tone deaf, given the possibility of this court actually entering a dismissal of her client's case at the hearing, it suggests counsel was either unwilling or unable to acknowledge the distinction between a single failure to act timely and repeated failures in this and previous cases before the court. Regardless, the court is not a mind reader, and Ms. Heins' failure to advise the court of an inability to meet a deadline is wholly inexcusable under the circumstances. Indeed, it seems that Ms. Heins' attitude is that it is better to ignore deadlines and hope to be forgiven, over and over again, rather than to be straightforward with both the court and opposing counsel. That practice must stop.

Even though this latest example of plaintiff and her counsel's unexcused failure to comply with this court's orders could (and probably should) be the proverbial straw that broke the camel's back (or to use Judge Crocker's metaphor, snapped the last thread), the court will not dismiss plaintiff's case at this time. Instead, as set forth on the record yesterday, the court ordered as follows:

1.  Within seven days of defendant providing the name of the specific treating physician who may have received a "medical log" from plaintiff, her counsel shall arrange a call between that treating physician, herself and defendant's counsel to determine whether those logs exist and, if so, arrange their prompt production to opposing counsel.

2.  On or before Thursday, September 8, 2016, plaintiff's counsel shall provide to defense counsel a signed medical disclosure authorization for submission to plaintiff's treating physician, Dr. Judith Verage.

3.  On or before Thursday, September 8, 2016, plaintiff's counsel shall provide plaintiff's social security earnings information to defendant's counsel.

Failure to comply timely with this order will likely result in dismissal of plaintiff's case with prejudice.  In the unlikely event plaintiff or plaintiff's counsel should become unable to comply timely with any of the three tasks set forth above, plaintiff's counsel must ask the court for relief *in advance of the established deadlines*.

Entered this 2nd day of September, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4